Mr. Justice Olin
delivered the opinion of the court:
This case involves a question of such frequent recurrence in this court, arising partly as to the true meaning and proper construction of the act of Congress establishing this court, and partly in connection with the rules of practice adopted by the court, that we have deemed it proper to reduce to writing what was in substance orally expressed as the opinion of the court upon the question before it, and to add some observations as to the rules of practice to be observed in similar cases.
It appears from the printed paper laid before us, which is certainly neither a case nor a bill of exceptions, that an action founded upon contract was brought by the plaintiff to recover the amount of $50,000 for professional services as counselor or attorney at law. This paper says, “ that on the trial of this cause the plaintiff introduced evidence conducing to prove that the defendant employed him as an attorney at law in the year 1858 to look into, examine, and give her a legal opinion in two certain suits, involving to the defendant a very large amount of property in the city of New Orleans; that for and in consideration of his said services,” (that is, giving Mrs. Gaines a legal opinion in these two suits,) “ defendant agreed to pay the plaintiff a large or magnificent fee, contingent upon the final success in said suit; that within one year or less he had performed all the professional labor which he was employed to perform; that within the year, and. after the first employment of the plaintiff by defendant, the defendant fixed the amount of plaintiff’s compensation herself at $50,000, and promised to pay the plaintiff that sum at the final termination of the suits in the Supreme Court of the United States, provided that the defendant was successful; ” and further, that the defendant was successful, and that the plaintiff was, for many years, a practicing lawyer, residing in West Virginia.
The paper further states, “ that the defendant, to defeat the plaintiff’s claim,” introduced proof conducing to prove that she never employed the plaintiff as a lawyer; that she then had several eminent counsel, and had no need of the plaint iff’s professional services; that she never promised to' pay *337 him for professional services; that she did promise to pay him two and one-half per cent, if he succeeded in negotiating a sale in New Yorli of a certain, interest in her property in litigation ^ that all the labor which the plaiutiff performed was in reference to said negotiation, and not in relation to the suits in courts 5 that he failed in the negotiation, and that nothing was due to him on that account.
The paper further recited that the court charged the jury—
“That if they believed from the evidence that there was a contract between the plaintiff and the defendant, by which the defendant promised to pay to the plaiutiff a stipulated fee, they would render a verdict for the plaintiff, according to the contract, unless they should further find that the contract was of such a nature that it could not be performed, on both sides, within one year from the time it was entered into i that, being a verbal contract, if not to be performed within one year, it was rendered void by the statute of frauds.”
One further instruction to the jury is recited in- the paper, as follows: “That if they should find there was no stipulated fee fixed by contract, but should find that the plaintiff rendered services for the defendant at her request, they should find a verdict for the plaintiff for what his services were reasonably worth, unless they should also find that more than three years had elapsed from the time such services were rendered before the beginning of the plaintiff's suit.” It is further stated “that the jury rendered a verdict for the defendant, aud the plaintiff thereupon moved the court for a new trial upon the grounds filed, viz, 1st, that the court erred in its charge to the jury on the subject of the statute of frauds j 2d, that the court erred in its charge to the jury on the subject of the statute of limitations! 3d, that the verdict of the jury is contrary to the law as given by the court! the verdict of the jury is against or contrary to the evidence.”
Upon this motion being made, the Chief-justice made the following order: “Which motion for anew trial the Chief-justice holding the special term certified up to the court in general term, to be heard there in the first instance.”
*338 This motion is overruled as to the first and second grounds mentioned as reasons for a new trial, because in reference to those two grounds it is not claimed or pretended that the rulings of the law made by the presiding justice were excepted to before verdict, or even afterward. It would be a novel ground for granting a new trial by an appellate court, that the rulings of the presiding justice were wrong in law, though expressly or tacitly assented to by both parties on the trial. The appellate court, in other words, is asked to grant a new trial upon exceptions taken to the ruling of the judge, when no exception was taken.
This would seem to dispose of the first two grounds of this motion for a new trial.
We will now consider the 3d and 4th grounds of the motion, and what is the proper practice to enable this appellate court to judge of the propriety of granting a new trial upon either of those grounds.
For this purpose, it will be necessary to recur to the act of Congress creating this court, and defining its powers, and, to some extent, regulating its practice.
The eighth section of the act, 12 U. S. Statutes at Large, 764, provides, “that if upon the trial of a cause an exception be taken, it may be reduced to writing at the time, or it may be entered on the minutes of the justice, and afterward settled in such manner as may be provided by the rules of the court, and then stated in writing, in a case or bill of exceptions, with so much of the evidence as may be material to the questions to be raised; but such case or bill of exceptions need not be sealed or signed.”
“The justice who tries the cause may in his discretion entertain a motion, to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages, provided that such motion be made at the same term or circuit at which the trial was had. When such motion is made and heard upon the minutes, an appeal to the general term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner.”
It is important that the provisions of this section be fully understood.
*339 I observe first, that this section speaks of a case and a Mil of exceptions. It would scarcely seem necessary to explain to an attorney at law what is meant by a case or bill of exceptions, but at the hazard of wasting time I will state that a bill of exceptions, in practice, is a formal statement, in writing, of exceptions taken to the opinion or decision of a judge to a jury, delivered during the trial of a cause, or after the charge to the jury, and before the rendition of their verdict, setting forth the proceedings on the trial, the opinion or decision given, and the exception taken thereto. This bill of exceptions need not be signed or sealed by the judge, but is to be settled by the judge, that is, in some way certified to the appellate court that the bill of exceptions truly and correctly presents the question raised before him on the trial, and how decided. (See 3 Blackstone’s Com., 372; 3 Stephens’ Com., 615.) Whoever wishes to learn further as to the nature and mode of making a bill of exceptions, may consult Raymond on Bill of Exceptions, 33, 34; 2 Tidd’s Practice, 862, 864; 2 Reeve’s History of the English Law, 188.
The making of a case is provided for in this section, which, as near as I can define it, is “ a statement in writing of the facts proved on the trial of a cause, drawn up and settled by the attorneys for the respective parties under the supervision of the judge, for the purpose of having certain points of law which arose at the trial, and which could not then be satisfactorily decided, determined upon full argument before the court in bane, (general term.) This is otherwise called a special case; and it is usual for the parties, where the law of the case is doubtful, to agree that the jury shall find a general verdict for the plaintiff, subject to the opinion of the court upon such a case to he made, instead of obtaining from the jury a special verdict. (See 3 Bl. Com., 378; 3 Stephens’ Com., 621; Stephens’ Pl., 92, 93; 1 Archbold’s Prac., 216.)
The motion made for a new trial upon all the grounds mentioned in the paper before us, might, in the discretion of the justice presiding, be ordered to be heard in the first instance at the general term.
That order was made in this case, and the legal effect of *340 that order was simply a refusal of the justice to entertain the motion upon his own minutes of the trial.
What then % If a formal bill of exceptions be taken on the trial, and which was ground for a new trial, the party may thereupon appeal to this court in general term, and then have the ruling of the justice reviewed. I'f the exception be simply noted on the minutes of the justice, and he entertains the motion and denies it; or if he refuses to entertain the motion; or, as in this case, if he orders the motion to be heard at the general term in the first instance, the party then makes out his formal bill of exceptions, which is settled by the justice, and upon that brings the case to the court in general term.
If the motion for a new trial be made on the justice’s minutes, upon either of the other two grounds mentioned iii the statute: 1st. That the verdict is against the weight of evidence ; or, 2d. That the damages given by the jury are excessive, and the justice entertains such motion and denies it; or, which is equivalent to a refusal to entertain it, orders the motion to be heard at the general term, in the first instance, then, if the moving party desires the merits of his motion to be reviewed by the court in general term, a case must be prepared, such as I have before described, containing the pleadings, and all the evidence given on the trial, or, at least, so much thereof as tends to prove or disprove the question in dispute, and sought to be reviewed, which case should always be settled as prescribed by the rules of court. In no other way can a motion for a new trial, for the two causes last mentioned, be intelligently reviewed by an appellate court. How can the latter court decide that a “ verdict is against evidence or, “ against the weight of evidence 5 ” or, “ contrary to evidence,” exceprt by having laid before it all the evidence given, tending to prove or disprove the issue submitted to the jury ?
The same is true where the ground of the motion for a new trial is that the damages given by the jury are excessive.
This wise provision in the organic act, allowing a motion to be made at the same term at which the trial is had, for a new trial, on the ground that the justice erred in his rulings of law, no matter whether the rulings made and excepted to *341 were at the time reduced to a formal bill of exceptions, or whether the rulings and exceptions were simply noted upon his minutes. In either case the justice may upon this motion reconsider his rulings of the law, and if he finds himself in error, may, and should, grant a new trial.
In respect to the two other grounds of motion, the pleadings being before him, and all the evidence given on the trial fresh in his recollection, the presiding justice is quite as well if not better qualified to judge of the propriety of granting a new trial than the appellate court can be, especially in reference to the two last grounds of motion mentioned in the act. He has the pleadings before him, listens to the testimony, sees the manner in which the witnesses testify, and knows how a question ingeniously put for the purpose of eliciting a favorable answer from a willing, anxious, and not over-scrupulous witness often decides the fate of a case before a jury. It is quite impossible for the appellate court to have laid before it what the justice presiding at the trial must necessarily know; unless the whole trial, by some mode yet undiscovered, could be, as it were, daguerreotyped aud presented, in all its peculiar features, to the court in general term.
The law further provides that the motion for a new trial, upon the three grounds before mentioned, may be made upon the minutes of the justice, provided the motion be made at the term, at which'the trial is had. Such motion, if made, should be heard and determined at the term at which it is made, otherwise it should be regarded as denied or refused to be entertained, and, in either event, a case or bill of exceptions should be made, if it be desired to bring the matter for review before the court in general term.
If the presiding justice grant a new trial upon either of the grounds mentioned in section 8 of the organic act, such order would not be appealable to the court in general term, for the reason that the order granting a new trial does not involve the merits of the controversy. On the other hand, if the motion for a new trial be made to the justice presiding, upon his minutes, for either of the causes mentioned in sec tion 8, and he refuses to entertain it, or entertains but denies it, an appeal may then be made to the general term in the mode I have pointed out. The denial of these motions, *342 founded on the causes mentioned in section 8, involves the merits of the suit, for if the verdict of the jury he allowed to stand, judgment follows, as a matter of course, and ends the controversy.
This case seems to invite some further remark upon the peculiar provisions of the organic act, contained in section 5, providing for special terms of the court to he held by one of the justices at such time or times as the court in general term shall appoint. In pursuance of this power, the court has appointed the first Tuesday in each month, except August, for holding special terms. The section further provides that “ non-enumerated motions, in all suits and proceedings at law and in equity, shall first be heard and determined at such special terms. Suits in equity, not triable by jury, shall also be heard and determined at such special terms. But the justice holding such special terms may, in his discretion, order any such motion or swt to be heard, in the first instance, at a general term.” Two further provisions in the organic act ought to be considered in this connection, namely : The provision in the first section that “ a special term may be held at the same time with a circuit court, and by the same justice;” and the provision, in the sixth section, “That such court in general term may also establish such other rules as it may deem necessary for regulation of the practice of the several courts organized by this act; and, from time to time, revise and alter such rules. It may also determine, by rule, lohcut motions shall be heard at a special term as enumerated motions, and ivhat motions shall be heard at a general term in the first instance.”
Under the power conferred, in the latter part of the sixth section, this court has determined, by its rules 100 and 101, what motions shall be heard, in the first instance, at a general term, and what shall be first heard at the special term.
The object sought to be attained by the provisions of the statute, and the adoption of rules 100 and 101, was to discriminate as to what motions should or might be heard at a general term, in the first instance, and what motions should be first heard and decided at a special term; the true meaning of the statute and the rule of court being that every motion not involving the merits of a suit or proceeding shall, *343 in the first instance, be heard and decided at a special term, and that such motions are not appealable; nor can they be properly ordered to be heard at a general term, in the first instance. The only obscurity in the practice to be adopted, under the peculiar language of the organic act, arises out of the provisions contained in the 5th section, viz, taken in connection with the latter part of the 6th section: “Non-enumerated motions in all proceedings at law and in equity shall first be heard and determined at such special terms. But the justice, holding such special term, may, in his discretion, order any such motion or suit to be heard, in the first instance, at a general term.”
This is all plain enough if we know what a non-enumerated motion is. For it would seem from this language that all non-enumerated motions in suits at law and in equity, whatever that designation may include, and all suits in equity, not triable by jury, may, in the discretion of the justice, be ordered to be heard at the general term. But the latter part of section 6 is strongly in conflict with such a construction of the provision in section 5, allowing the court to determine by rule what motions shall be heard at a special term as non-enumerated motions, and what motions shall be heard at a general term in the first instance.
I have looked with some care into works on the practice oí courts of law to find the origin of the distinction between enumerated and non-enumerated motions, terms which are found in the organic act. The only light I have found on this subject comes from various works on the practice of the supreme court of the State of New York. It is generally reputed that Ex-Senatpr Harris, of that State, draughted the organic act establishing this court. He was for many years a lawyer of extensive practice in the State of New York, and for twelve or fourteen years a judge of its supreme court. By the rules of that court, early adopted, it was provided as follows: “Special motions are either enumerated or non-enumerated. Enumerated motions comprise, 1, motions in arrest of judgment, under which are considered motions for judgment non obstante veredicto ; 2, motions arising on special verdict, bill of exceptions, case reserved at the trial, (including reports of referees,) subject to the opinion of the court, cases agreed on *344 between the parties without trial, demurrer to evidence or pleadings, writ of error, or writ in the nature of writ of error, comprehending the writ of mandamus; 3, all motions to set aside a non-suit, verdict, inquisition, or report, otherwise than for irregularity exclusively. Non-enumerated motions include all other questions submitted to the court.” Graham’s Practice, 671. Here, so far as I have been able to ascertain, is the origin of the distinction in hand, and I allude to it now only because I think it gives some light as to the proper construction and meaning of the organic act.
It will be seen that what are designated as enumerated motions are motions involving the merits of the suit or proceedings, and very properly may be heard in the first instance in the general term. This, I think, is what the organic act designed to accomplish; and that all other motions possible to be made, but not involving the merits of the action, should be made and determined at special term.
If I have given the proper construction of the provisions of this law, no motion made to a court in special term can be heard at the general term unless such motion involve the merits of the proceeding or suit in which it is made.
Much has been said in this case in no way necessary to a proper disposition of the case; but it seemed to me to afford a convenient opportunity for the court to express its views, in writing, upon some questions of practice of frequent recurrence, which, if acquiesced in by the court, will be observed by the court and practiced by the bar.